IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

---------------------------------------------------------------------X
FIRST NATIONAL BANK OF PENNSYLVANIA,
One North Shore Center
Pittsburgh, Pennsylvania 15212

              Plaintiff,

v.

DRAKE HOLDING, LLC,
4371 North Leavitt Road
Warren, Ohio 44485

and

DRAKE MANUFACTURING SERVICES CO., LLC,
4371 North Leavitt Road
Warren, Ohio 44485

and

DMS INTERNATIONAL SALES CORP.,
4371 North Leavitt Road
Warren, Ohio 44485

              Defendants.
---------------------------------------------------------------------X

Civil Action No. _____

Judge:_____

**COMPLAINT ON COGNOVIT PROMISSORY NOTES**

    First National Bank of Pennsylvania, by and through its counsel, files this Complaint on

Cognovit Promissory Notes (the "Complaint"):

1

## THE PARTIES

1. Plaintiff, First National Bank of Pennsylvania (the "Bank" or "Plaintiff"), is a national banking association, organized and existing under the laws of the United States with its principal place of business in Allegheny County, Pennsylvania and having an address at One North Shore Center, Pittsburgh, Pennsylvania 15212.

2. Defendant, Drake Holding LLC ("Drake Holding"), is a Delaware limited liability company, with its principal place of business located in Trumbull County, Ohio and a last known address at 4371 North Leavitt Road, Warren, Ohio 44485.

3. Defendant, Drake Manufacturing Services Co., LLC ("Drake LLC"), is a Delaware limited liability company, with its principal place of business located in Trumbull County, Ohio and a last known address at 4371 North Leavitt Road, Warren, Ohio 44485.

4. Defendant, DMS International Sales Corp. ("DMS" and together with Drake Holding and Drake, LLC, collectively, the "Borrowers" or "Defendants"), is a Delaware corporation, with its principal place of business located in Trumbull County, Ohio and a last known address at 4371 North Leavitt Road, Warren, Ohio 44485.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the Bank and the Defendants are citizens of different states and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391.

## **LOAN DOCUMENTS**

7. Borrowers executed and delivered to the Bank that certain Amended and Restated Credit and Security Agreement between the Borrowers and the Bank dated October 9, 2014, as amended by that certain Amendment to Amended and Restated Credit and Security Agreement dated February 12, 2016, as further amended by that certain Second Amendment to Amended and Restated Credit and Security Agreement dated June 30, 2016 (collectively, the "Domestic Credit Agreement"). A true and correct copy of the Domestic Credit Agreement is attached hereto as Exhibit "A".

8. Borrowers executed and delivered to the Bank that certain Amended and Restated Credit and Security Agreement between the Borrowers and the Bank dated October 9, 2014, as amended by that certain Amendment to Amended and Restated Credit and Security Agreement dated February 12, 2016 (collectively, the "International Credit Agreement" and together with the Domestic Credit Agreement, collectively the "Credit Agreements" ). A true and correct copy of the International Credit Agreement is attached hereto as Exhibit "B".

9. Borrowers executed and delivered to the Bank that certain Amended and Restated Revolving Credit Note dated October 9, 2014 in the original principal amount of $2,500,000.00 (the "$2.5MM Note"). A true and correct copy of the $2.5MM Note is attached hereto as Exhibit "C".

10. Borrowers executed and delivered to the Bank that certain Revolving Credit Note dated October 9, 2014 in the original principal amount of $4,000,000.00 (the "$4MM Note"). A true and correct copy of the $4MM Note is attached hereto as Exhibit "D".

11. Borrowers executed and delivered to the Bank that certain Term Note dated October 9, 2014 in the original principal amount of $1,200,000.00 (the "$1.2MM Note"). A true and correct copy of the $1.2MM Note is attached hereto as Exhibit "E".

12. Borrowers executed and delivered to the Bank that certain Amended and Restated CapEx Term Note dated October 9, 2014 in the original principal amount of $500,000 (the "$500M Note"). A true and correct copy of the $500M Note is attached hereto as Exhibit "F".

13. Borrowers executed and delivered to the Bank that certain CapEx Term Note dated December 18, 2015 in the original principal amount of $400,000 (the "$400M Note" and together with the $2.5MM, $4MM Note, $1.2MM Note, and the $500M Note collectively the "Notes"). A true and correct copy of the $400M Note is attached hereto as Exhibit "G".

14. Borrowers executed and delivered to the Bank that certain Forbearance Agreement by and among the Borrowers and the Bank, dated June 30, 2016, as amended by that certain First Amendment to Forbearance Agreement dated September 29, 2016, as amended by that certain Second Amendment to Forbearance Agreement dated November 28, 2016, and as amended by that certain Third Amendment to Forbearance Agreement dated February 2, 2017 (collectively, the "Forbearance Agreement"). A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit "H".

15. In conjunction with the Forbearance Agreement, Borrowers executed and delivered to the Bank that certain Cash Collateral Agreement dated June 30, 2016 (the "Cash Collateral Agreement" and together with the Credit Agreements, the Notes and the Forbearance Agreement, collectively the "Loan Documents"). A true and correct copy of the Cash Collateral Agreement is attached hereto as Exhibit "I".

## **THE DEFAULTS**

16. Pursuant to Sections 8.2 and 8.3 of the Credit Agreements, the failure of Borrowers to comply with any covenants contained in Section 5.5 of the Credit Agreement and the failure to immediately repay any Overadvance (as required by Sections 2.1-2.2 of the Credit Agreement) constitute Events of Default.

17. Moreover, the existence of the Events of Default under the Domestic Credit Agreement constitutes an Event of Default under the International Credit Agreement, and vice-versa.

18. Borrowers defaulted under the Loan Documents when they caused their Debt Service Coverage Ratio to be less than 1.20:1.00 in violation of Section 5.5(a) of the Credit Agreements.

19. Borrowers also defaulted under the Loan Documents because they were over-advanced by $167,747.66 above the amount of the Revolving Credit Commitment in the Domestic Credit Agreement (the "Overadvance") per the Borrowing Base Certificate dated June 28, 2016 (collectively, the "Initial Defaults").

20. By letter dated May 19, 2016, the Bank advised the Borrowers of the Initial Defaults and made demand for payment in full of the Notes (the "May 2016 Letter"). A true and correct copy of the May 2016 Letter is attached hereto as Exhibit "J".

21. The Borrowers and the Bank subsequently entered in the Forbearance Agreement whereby the Bank agreed to forbear from exercising its rights and remedies under the Loan Documents and applicable law pertaining to the Initial Defaults until the earliest of 5:00 p.m. on March 31, 2017 (the "Termination Date") or the repayment in full of the Notes.

22. The Borrowers failed to pay the Notes in full on or before the Termination Date.

23. The Bank is no longer obligated to forbear and the Borrowers have subsequently defaulted by failing to pay the Notes in full on or before the Termination Date.

24. On March 31, 2017, the Bank sent the Borrowers a Notice of Occurrence of Termination Date & Reservation of Rights letter (the "March 2017 Letter").  A true and correct copy of the March 2017 Letter is attached hereto as Exhibit "K".

25. On April 12, 2017, the Bank sent the Borrowers a Notice of Default, Termination of Loan Commitment and Demand for Payment letter (the "April 2017 Letter").  A true and correct copy of the April 2017 Letter is attached hereto as Exhibit "L".

26. To date, the Borrowers have failed to repay in full the amounts due and owing under the Notes.

**COUNT I - $2.5MM NOTE**

27. The allegations in paragraphs 1 through 26 are incorporated here in as if set forth at length.

28. The Borrowers executed and delivered to the Bank the $2.5MM Note.

29. Borrowers defaulted under the $2.5MM Note, *inter alia*, by failing to make payment in full prior the Termination Date and upon demand.

30. Notwithstanding default and demand, Borrowers have not repaid the amounts due under the $2.5MM Note.

31. Plaintiff is entitled to payment of its attorneys' fees and expenses under the $2.5MM Note.

32. The $2.5MM Note arose out of a business transaction and not out of a consumer loan or transaction.

33. Plaintiff is the holder in due course of, and is in possession of, the $2.5MM Note.

34. The $2.5MM Note contains a warrant of attorney.

35. The Borrowers have failed to pay the sums owing on the $2.5MM Note and Plaintiff is seeking judgment on the $2.5MM Note for the amounts owing, which was as of April 12, 2017, was as follows:

| Principal | $2,066,616.58 |
| Accrued Interest through 4/12/2017 | $ 20,584.99 |
| Late Fees | $ 589.80 |
| Total: | $2,087,791.37 |

plus interest accruing thereafter, at the default rate as specified in the $2.5MM Note, per annum, plus late charges, and other sums as provided in the $2.5MM Note, including reasonable attorneys' fees and expenses.

## COUNT II - $4MM NOTE

36. The allegations in paragraphs 1 through 35 are incorporated here in as if set forth at length.

37. The Borrowers executed and delivered to the Bank the $4MM Note.

38. Borrowers defaulted under the $4MM Note, *inter alia*, by failing to make payment in full prior the Termination Date and upon demand.

39. Notwithstanding default and demand, Borrowers have not repaid the amounts due under the $4MM Note.

40. Plaintiff is entitled to payment of its attorneys' fees and expenses under the $4MM Note.

41. The $4MM Note arose out of a business transaction and not out of a consumer loan or transaction.

42. Plaintiff is the holder in due course of, and is in possession of, the $4MM Note.

43. The $4MM Note contains a warrant of attorney.

44. The Borrowers have failed to pay the sums owing on the $4MM Note and Plaintiff is seeking judgment on the $4MM Note for the amounts owing, which was as of April 12, 2017, was as follows:

| Principal | $3,020,000.00 |
| Accrued Interest through 4/12/2017 | $ 24,018.72 |
| Late Fees | $ 644.53 |
| Total: | $3,044,663.25 |

plus interest accruing thereafter, at the default rate as specified in the $4MM Note, per annum, plus late charges, and other sums as provided in the $4MM Note, including reasonable attorneys' fees and expenses.

## COUNT IV - $1.2MM NOTE

45. The allegations in paragraphs 1 through 44 are incorporated here in as if set forth at length.

46. The Borrowers executed and delivered to the Bank the $1.2MM Note.

47. Borrowers defaulted under the $1.2MM Note, *inter alia*, by failing to make payment in full prior the Termination Date and upon demand.

48. Notwithstanding default and demand, Borrowers have not repaid the amounts due under the $1.2MM Note.

49. Plaintiff is entitled to payment of its attorneys' fees and expenses under the $1.2MM Note.

50. The $1.2MM Note arose out of a business transaction and not out of a consumer loan or transaction.

51. Plaintiff is the holder in due course of, and is in possession of, the $1.2MM Note.

52. The $1.2MM Note contains a warrant of attorney.

53. The Borrowers have failed to pay the sums owing on the $1.2MM Note and Plaintiff is seeking judgment on the $1.2MM Note for the amounts owing, which was as of April 12, 2017, was as follows:

| Principal | $840,000.00 |
| --- | --- |
| Accrued Interest through 4/12/2017 | $    7,525.00 |
| Total: | $847,525.00 |

plus interest accruing thereafter, at the default rate as specified in the $1.2MM Note, per annum, plus late charges, and other sums as provided in the $1.2MM Note including reasonable attorneys' fees and expenses.

## COUNT IV - $500M NOTE

54. The allegations in paragraphs 1 through 53 are incorporated here in as if set forth at length.

55. The Borrowers executed and delivered to the Bank the $500M Note.

56. Borrowers defaulted under the $500M Note, *inter alia*, by failing to make payment in full prior the Termination Date and upon demand.

57. Notwithstanding default and demand, Borrowers have not repaid the amounts due under the $500M Note.

58. Plaintiff is entitled to payment of its attorneys' fees and expenses under the $500M Note.

59. The $500M Note arose out of a business transaction and not out of a consumer loan or transaction.

60. Plaintiff is the holder in due course of, and is in possession of, the $500M Note.

61. The $500M Note contains a warrant of attorney.

62. The Borrowers have failed to pay the sums owing on the $500M Note and Plaintiff is seeking judgment on the $500M Note for the amounts owing, which was as of April 12, 2017, was as follows:

| Principal | $316,666.74 |
|---|---|
| Accrued Interest through 4/12/2017 | $    4,749.99 |
| Total: | $321,416.73 |

plus interest accruing thereafter, at the default rate as specified in the $500M Note, per annum, plus late charges, and other sums as provided in the $500M Note, including reasonable attorneys' fees and expenses.

### **COUNT V - $400M NOTE**

63. The allegations in paragraphs 1 through 62 are incorporated here in as if set forth at length.

64. The Borrowers executed and delivered to the Bank the $400M Note.

65. Borrowers defaulted under the $400M Note, *inter alia*, by failing to make payment in full prior the Termination Date and upon demand.

66. Notwithstanding default and demand, Borrowers have not repaid the amounts due under the $400M Note.

67. Plaintiff is entitled to payment of its attorneys' fees and expenses under the $400M Note.

68. The $400M Note arose out of a business transaction and not out of a consumer loan or transaction.

69. Plaintiff is the holder in due course of, and is in possession of, the $400M Note.

70. The $400M Note contains a warrant of attorney.

71. The Borrowers have failed to pay the sums owing on the $400M Note and Plaintiff is seeking judgment on the $400M Note for the amounts owing, which was as of April 12, 2017, was as follows:

| Principal | $347,806.92 |
|---|---|
| Accrued Interest through 4/12/2017 | $ 7,318.43 |
| Total: | $355,125.35 |

plus interest accruing thereafter, at the default rate as specified in the $400M Note, per annum, plus late charges, and other sums as provided in the $400M Note, including reasonable attorneys' fees and expenses.

WHEREFORE, the Bank demands that judgment be entered against Borrowers as follows:

1. On Count I, for a cognovit judgment on the $2.5MM Note against Drake Holding LLC, Drake Manufacturing Services Co., LLC and DMS International Sales Corp., in the amount of Two Million Eighty Seven Thousand Seven Hundred Ninety One and 37/100 Dollars ($2,087,791.37) as of April 12, 2017, together with additional interest at the default rate which is the equivalent to the Wall Street Journal Prime Rate plus 4.0% floating per annum, plus late charges as provided in the $2.5MM Note; and reasonable attorneys' fees and expenses incurred by the Bank in collection of $2.5MM Note as determined by a separate hearing to be held upon the filing of a motion by the Bank; and all other relief to which the Bank is entitled, either at law or in equity; and

2. On Count II, for a cognovit judgment on the $4MM Note against Drake Holding LLC, Drake Manufacturing Services Co., LLC and DMS International Sales Corp., in the amount of as of Three Million Forty Four Thousand Six Hundred Sixty Three and 25/100 Dollars ($3,044,663.25) as of April 12, 2017, together with additional interest at the default rate which is the equivalent to the Wall Street Journal Prime Rate plus 4.0% floating per annum, plus late charges as provided in the $4MM Note; and reasonable attorneys' fees and expenses incurred by the Bank in

collection of $4MM Note as determined by a separate hearing to be held upon the filing of a motion by the Bank; and all other relief to which the Bank is entitled, either at law or in equity; and

    3.    On Count III, for a cognovit judgment on the $1.2MM Note against Drake Holding LLC, Drake Manufacturing Services Co., LLC and DMS International Sales Corp., in the amount of Eight Hundred Forty Seven Thousand Five Hundred Twenty Five and 00/100 Dollars ($847,525.00) as of April 12, 2017, together with additional interest at the default rate which is the equivalent to the Wall Street Journal Prime Rate plus 4.0% floating per annum, plus late charges as provided in the $1.2MM Note; and reasonable attorneys' fees and expenses incurred by the Bank in collection of $1.2MM Note as determined by a separate hearing to be held upon the filing of a motion by the Bank; and all other relief to which the Bank is entitled, either at law or in equity; and

    4.    On Count IV, for a cognovit judgment on the $500M Note against Drake Holding LLC, Drake Manufacturing Services Co., LLC and DMS International Sales Corp., in the amount of Three Hundred Twenty One Thousand Four Hundred Sixteen and 73/100 Dollars ($321,416.73) as of April 12, 2017, together with additional interest at the default rate which is the equivalent to the Wall Street Journal Prime Rate plus 4.0% floating per annum, plus late charges as provided in the $500M Note; and reasonable attorneys' fees and expenses incurred by the Bank in collection of $500M Note as determined by a separate hearing to be held upon the filing of a motion by the Bank; and all other relief to which the Bank is entitled, either at law or in equity; and

    5.    On Count V, for a cognovit judgment on the $400M Note against Drake Holding LLC, Drake Manufacturing Services Co., LLC and DMS International Sales Corp., in the amount of as of Three Hundred Fifty Five Thousand One Hundred Twenty Five and 35/100 Dollars ($355,125.35) as of April 12, 2017, together with additional interest at the default rate which is the equivalent to the Wall Street Journal Prime Rate plus 4.0% floating per annum, plus late charges as

provided in the $500M Note; and reasonable attorneys' fees and expenses incurred by the Bank in collection of $500M Note as determined by a separate hearing to be held upon the filing of a motion by the Bank; and all other relief to which the Bank is entitled, either at law or in equity.

                                        Respectfully submitted,

DATED:  April 13, 2017                TUCKER ARENSBERG, P.C.

*/s/ Danielle L. Dietrich*
Danielle L. Dietrich, Esq., OH ID #0081506
Michael A. Shiner, Esq. PA ID #78088
Jillian Nolan Snider, Esq.PA ID #202253
1500 One PPG Place, Pittsburgh, PA 15222
Phone:  412-564-1212
ddietrich@tuckerlaw.com
mshiner@tuckerklaw.com
jsnider@tuckerlaw.com

*Counsel for First National Bank of Pennsylvania*